UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Philip E. Hahn,
    *Plaintiff*,

v.

United States of America, et al.,
    *Defendants*.

No. 3:21-cv-1030 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Philip Hahn ("Plaintiff"), appearing *pro se*, has sued the United States of America, the United States Postal Service, Postal Service employee Ann Marie Coddett, and one thousand unnamed John or Jane Doe defendants (collectively, "Defendants"). Compl. at 1–3, ECF No. 1. Mr. Hahn asserts claims under the Federal Tort Claims Act ("FTCA") based on actions by Ms. Coddett that allegedly resulted in lost wages for Mr. Hahn.

Defendants have filed a motion to dismiss Mr. Hahn's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defs' Mot. to Dismiss at 2, ECF No. 34 ("Mot.").[1]

For the following reasons, the motion to dismiss is **GRANTED.**

Mr. Hahn's claims against the Postal Service, Ms. Coddett, and the Doe Defendants are **DISMISSED with prejudice** because, for the reasons stated below, the FTCA makes federal agencies and their employees immune from suit for claims within the scope of the FTCA.

Mr. Hahn's claims against the United States are **DISMISSED without prejudice**.

---

[1] Where a document's internal page numbers differ from the ECF-generated page numbers, the ECF-generated page numbers are used.

In light of the dismissal of Mr. Hahn's claims, Mr. Hahn's motion for judgment, ECF No. 39, is **DENIED as moot**.

If Mr. Hahn believes that the defects identified in this Ruling and Order can be remedied, he may file a motion for leave to amend the Complaint, along with the proposed Amended Complaint, by **February 17, 2023**, or the Court will instruct the Clerk of Court to close this case.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Hahn alleges that he worked for the United States Postal Service. Compl. at 3. While Mr. Hahn was employed by the Postal Service, Ms. Coddett allegedly placed him "on Off-duty Status without pay via section 651.4 of the Employee and Labor Relations Manual." *Id.* As a result, Mr. Hahn allegedly suffered a total of $455 in lost wages across four days in September 2020. *See id.* at 3–4.

According to Mr. Hahn, the Employee and Labor Relations Manual did not apply to him because he was subject to the "APWU collective bargaining agreement." *Id.* at 3. He further alleges that, although the collective bargaining agreement requires that disciplinary action may not be punitive in nature, loss of pay is in fact punitive. *See id.*

On July 27, 2021, Mr. Hahn filed his *pro se* Complaint. Compl.

On October 18, 2021, Mr. Hahn filed a motion for a declaratory judgment. ECF No. 15.

On July 20, 2022, the Court denied Mr. Hahn's motion for a declaratory judgment on the ground that Mr. Hahn had failed to seek an entry of default under Rule 55(a) and noted that Mr. Hahn had not properly served Defendants in accordance with Federal Rule of Civil Procedure 4. Order, ECF No. 23. The Court gave Mr. Hahn until August 26, 2022, to effect proper service or the case would be dismissed without prejudice. *Id.*

On August 11, 2022, and August 22, 2022, Mr. Hahn filed several notices offering proof of service. *See* ECF Nos. 29, 32, 35, 37.

On the same day, Defendants filed a motion to dismiss the Complaint. Mot.

On December 19, 2022, Mr. Hahn filed a motion for judgment. Mot. for J., ECF No. 39.

On December 20, 2022, the Court *sua sponte* extended the time for filing a response to Mr. Hahn's motion for judgment until 21 days after the Court resolved Defendants' motion to dismiss. Order, ECF No. 40.

Mr. Hahn has not filed an opposition to Defendants' motion to dismiss, and the deadline for responding to the motion has passed. *See* D. Conn. L. Civ. R. 7(a)2. Thus, the Court will consider the merits of Defendants' motion based on the motion itself and Mr. Hahn's Complaint. *See id.* ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.").

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id.*

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v.*

*Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The Court may also, however, resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views

the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III.   DISCUSSION

Defendants argue that Mr. Hahn's FTCA claims against the Postal Service, Ms. Coddett, and the Doe Defendants should be dismissed for lack of subject matter jurisdiction and that his claims against the United States should be dismissed for failure to state a claim. Mot. at 2.

The Court will address each issue in turn.

#### A.   Lack of Subject Matter Jurisdiction

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "One such 'limited waiver' of sovereign immunity is provided by the FTCA, which 'allows for a tort suit against the United States under specified circumstances.'" *Id.* (quoting *Hamm v. United States*, 483 F.3d

135, 137 (2d Cir. 2007)). The FTCA "provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).

Defendants contend that Mr. Hahn's claims against the Postal Service, Ms. Coddett, and the Doe Defendants must be dismissed because the FTCA authorizes a cause of action only against the United States itself, not federal agencies or their employees. *See* Mot. at 6.

The Court agrees.

The FTCA provides that a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The cause of action authorized by the FTCA " is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." *Id.*

Here, Mr. Hahn alleges that Ms. Coddett was acting within the scope of her employment when her actions allegedly caused Mr. Hahn's lost wages. *See* Compl. at 6 ("The USPS is liable via NY respondent superior theory as Ann Marie Coddett was employed by the USPS when her actions caused Philip Hahn to lose $455.00 in wages."). Mr. Hahn's Complaint does not describe the allegedly wrongful acts of the unnamed Doe Defendants, who appear to be other employees of the Postal Service, but he does not allege that these acts were taken outside the scope of employment either. Thus, Ms. Coddett and the Doe Defendants are immune from suit under the FTCA. *See Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) (because the individual

defendants were acting within the scope of their employment, they "are immune from suit on plaintiffs' claims of common-law tort.").

Federal agencies also are not proper defendants under the FTCA. The statute provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a). Thus, if a claim falls within the "jurisdictional grant" of the FTCA, "the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994).

Accordingly, the Court will dismiss Mr. Hahn's claims against the Postal Service, Ms. Coddett, and the Doe Defendants for lack of subject matter jurisdiction.

### B. Failure to State a Claim

Defendants concede that the Court has jurisdiction over Mr. Hahn's claims against the United States. *See* Mot. at 7. Nonetheless, they argue that the Court should dismiss these claims because Mr. Hahn has not alleged that the United States or any of its employees has committed a cognizable tort. *Id.*

The Court agrees.

Mr. Hahn's Complaint asserts that his "right to pursue happiness, established via *Webster v. Ryan*, 189 Misc. 2d 86, was violated via the withholding of [his] pay in violation of Title 18 Section 242." Compl. at 5. He further contends that this "breach of statute"—presumably referring to § 242—is "evidence of negligence." *Id.* (citing *Mahlmann v. Yelverton*, 439 N.Y.S.2d 568, 109 Misc. 2d 127 (Civ. Ct. 1980)). Thus, Mr. Hahn appears to argue, Ms. Coddett's actions violated his right to pursue happiness, which deprived him of "rights,

7

privileges, or immunities secured or protected by the Constitution or laws of the United States" under § 242. According to Mr. Hahn, this purported violation of § 242 establishes Defendants' negligence for the purposes of stating a claim under the FTCA.

Mr. Hahn's theory fails for several reasons.

First, the case upon which Mr. Hahn relies for the "right to pursue happiness," *Webster v. Ryan*, 729 N.Y.S.2d 315 (Fam. Ct. 2001), is no longer good law. In *Webster*, a New York State Family Court held that a child has a fundamental right to maintain contact with a person with whom the child has developed a parent-like relationship, even over the objection of the child's actual parent. *Id.* at 319. The court relied in part on the fundamental right to pursue happiness espoused in the Declaration of Independence in reaching its decision. *See id.* at 320.

The Family Court's decision, however, was reversed by the Appellate Division, which held that the court not only lacked jurisdiction to decide the fundamental rights issue, but "eschewed its judicial role by raising, then deciding, the alleged infringement of rights purportedly belonging to" the child. *Harriet II v. Alex LL*, 740 N.Y.S.2d 162, 165 (App. Div. 2002). Thus, *Webster* does not support the proposition that New York law recognizes a general right to pursue happiness, much less that violation of this right constitutes an actionable tort.

Second, § 242 secures only rights, privileges, or immunities protected "by the Constitution or laws of the United States." Violations of rights drawn only from state law do not amount to violations of § 242. And to the extent Mr. Hahn asserts that Defendants violated a federal constitutional right to the pursuit of happiness, another district court in this Circuit has noted that "[a]lthough the Constitution provides many important protections, a specific guarantee for the pursuit of happiness is not among [them]." *Coffey v. United States*, 939 F. Supp. 185, 191

(E.D.N.Y. 1996). Mr. Hahn does not appear to allege violations of any other rights purportedly secured by the Constitution or federal laws.

Third, and finally, a purported violation of § 242 does not establish negligence for the purposes of the FTCA. Mr. Hahn is correct that violation of a statute may be evidence of negligence, but only when the statute establishes a duty and standard of care. *See* Restatement (Second) of Torts § 288B (1965) ("Where a statute or ordinance is adopted by the court as defining the standard of conduct of a reasonable man under the particular circumstances, as stated in §§ 285 and 286, the unexcused violation of the provision is a clear departure from that standard, and is conclusive on the issue of an actor's negligence."). For example, in the case cited by Mr. Hahn, the New York court noted that "in regard to statutes and codes imposing a duty and standard of repair and maintenance, . . . the courts have applied a negligence theory with the landlord's breach of the statute being some evidence of negligence." *Mahlmann*, 439 N.Y.S. 2d at 571. Mr. Hahn has identified no state law tort for which § 242 might establish the standard of care.

Accordingly, Mr. Hahn's FTCA claims against the United States will be dismissed for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

Mr. Hahn's claims against the Postal Service, Ms. Coddett, and the Doe Defendants are **DISMISSED with prejudice** because, for the reasons stated above, the FTCA makes federal agencies and their employees immune from suit for claims within the scope of the FTCA.

Mr. Hahn's claims against the United States are **DISMISSED without prejudice**.

In light of the dismissal of Mr. Hahn's claims, Mr. Hahn's motion for judgment, ECF No. 39, is **DENIED as moot**.

If Mr. Hahn believes that the defects identified in this Ruling and Order can be remedied, he may file a motion for leave to amend the Complaint, along with the proposed Amended Complaint, by **February 17, 2023**, or the Court will instruct the Clerk of Court to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of January, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE